IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MARCUS CRAIG, #M01293, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 23-cv-3343-SLD |
| ) | |
| WEXFORD HEALTH SOURCES, INC., ) | |
| BRITTANY GREENE, ADA ) | |
| COORDINATOR, CATHY ASHCRAFT ) | |
| AND ADA COORDINATOR KESTNER, ) | |
| In their official capacities, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' COMBINED MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF LAW IN SUPPORT**

Now Come Defendants, KATHY ASHCRAFT, BRITTANY GREENE and KINDEL KESTNER, by and through their attorney, Kwame Raoul, Attorney General of the State of Illinois, and pursuant to Rule 56 of the Federal Rules of Civil Procedure, hereby move for summary judgment on Plaintiff's Eighth Amendment deliberate indifference claim, stating as follows:

**INTRODUCTION**

Plaintiff Marcus Craig, #M01293 filed an Amended Complaint alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983, arising from his incarceration at Western Illinois Correctional Center. [d/e 20]. After merit review, the Court allowed Plaintiff to proceed on one count for Eighth Amendment deliberate indifference against Defendants Ashcraft, Greene and Kestner. [Text Order of September 25, 2024]. Defendants now move for summary judgment on that claim. First, Defendants were not deliberately indifferent to Plaintiff's medical needs as Plaintiff received treatment and accommodations for his hearing disability. Second, Plaintiff cannot show that Defendants were personally responsible for the alleged violations of Plaintiff's

constitutional rights. Finally, Defendants are entitled to qualified immunity. For these reasons, Defendants are entitled to summary judgment on Plaintiff's Eighth Amendment deliberate indifference claim.

**UNDISPUTED[1] MATERIAL FACTS[2]**

1. Plaintiff was incarcerated at Western Illinois Correctional Center between June 22, 2022, and August 16, 2023. [Active Living Unit History, attached as Exhibit A, Bates 000423-000425].

2. Defendant Brittany Greene was the warden of Western Illinois Correctional Center during the relevant time period. [Declaration of Brittany Greene, attached as Exhibit F, ¶ 1].

3. Defendant Ashcraft was the Healthcare Unit Administrator ("HCUA") at Western Illinois Correctional Center during the relevant time period. Defendant Ashcraft served as ADA coordinator for part of the relevant time period ending on approximately February 27, 2023. [Declaration of Kathy Ashcraft, attached as Exhibit G, ¶¶ 1, 2].

4. Defendant Kindel Kestner was the ADA Coordinator at Western Illinois Correctional Center starting on February 27, 2023, and continuing during part of the relevant time period. [Declaration of Kindel Kestner, attached as Exhibit H, ¶ 1].

5. Plaintiff is one-hundred percent deaf in his left ear and between seventy and eighty percent deaf in his right ear. [Deposition of Marcus Craig, attached as Exhibit B, p. 25:6-7].

6. Without hearing aids, Plaintiff couldn't hear important things such as instructions from officers and calls for movement such as to go to gym, yard, meals, or law library. [Exhibit B, pp. 26:16-27:25].

---

[1] These facts are undisputed for the purposes of this motion only.
[2] The Undisputed Material Facts are referenced as "UMF" in the argument section.

7. Plaintiff arrived at Western Illinois Correctional Center with a hearing aid, but it was broken. [Exhibit B, pp. 48:20-50:8].

8. In October 2022, Plaintiff wrote two grievances, received by the facility on October 4 and 7, 2022, regarding his being hard of hearing and needing accommodations. [Grievance Log, attached as Exhibit C, Bates 000368].

9. Plaintiff alleges that on October 6, 2022, he sent letters to Defendants Greene and Ashcraft[3] requesting accommodations for his hearing disability. [Letters dated October 6, 2022, attached as Exhibit D, Bates 000395-000396].

10. On November 1, 2022, Plaintiff completed a communication plan. [Exhibit B, p. 43:1-9; Plaintiff's Medical Records, attached as Exhibit E, Bates 000039].

11. The same day, Plaintiff was given an MMCall vibrating watch. [Exhibit B, p. 44:10-13; Exhibit E, Bates 000043].

12. Because Plaintiff was able to complete a communication plan on November 1, 2022, the two grievances he filed in October 2022 were denied as moot. [Exhibit B, pp. 57:18-60:11; Exhibit C, Bates 000368].

13. The vibrating watch helped Plaintiff with his issue of missing calls for movement. [Exhibit B, pp. 67:22-68:4].

14. On November 12, 2022, Plaintiff was issued Koss CL/20 Headphones. [Exhibit B, p. 44:13-15; Exhibit E, Bates 000045].

15. On November 29, 2022, Plaintiff was seen by the audiologist who attempted to repair Plaintiff's broken hearing aid. [Exhibit B, p. 49:1-12; Exhibit E, Bates 000044].

---

[3] Purported copies of these letters were submitted to the Administrative Review Board accompanying one of Plaintiff's grievances. Neither party produced the originals of these letters.

16. The audiologist recommended a hearing evaluation for new hearing aid(s). [Exhibit E, Bates 000044, 000048].

17. Plaintiff had a hearing evaluation on February 21, 2023. [Exhibit B, p. 54:15-17; Exhibit E, Bates 000056-000056].

18. There is no evidence Plaintiff's October 6, 2022, letter was received or reviewed by the Warden or the Warden's office. [Exhibit F, ¶¶ 9, 10].

19. Defendant Greene delegates to and relies on others within the warden's office to read and reply to inmate correspondence. [Exhibit F, ¶ 8].

20. There is no evidence Defendant Ashcraft received or read Plaintiff's letter of October 6, 2022. [Exhibit G, ¶¶ 3, 4].

21. As Healthcare Unit Administrator, Defendant Ashcraft is not directly responsible for patient care and does not provide medical services. [Exhibit G, ¶ 5].

22. Defendant Ashcraft relies on and defers to licensed medical professionals to provide care for individuals in custody. [Exhibit G, ¶ 5].

23. Plaintiff testified that he "might have" spoken to Defendant Kestner one time sometime between October 2022 and February 2023. [Exhibit B, pp. 37:21-39:8].

24. Defendant Kestner does not recall ever speaking to Plaintiff. [Exhibit H, ¶ 2].

25. Defendant Kestner relies on and defers to licensed medical professionals to provide care for individuals in custody. [Exhibit H, ¶ 3].

26. Defendant Greene is not a medical professional and relies on and defers to licensed medical professionals to provide care for individuals in custody. [Exhibit F, ¶ 12].

**SUMMARY JUDGMENT STANDARD**

Summary judgment should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The facts must be viewed in the light most favorable to the nonmoving party only if there is a "genuine" dispute as to those facts. Fed. R. Civ. P. 56(a). Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.' *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–587 (1986). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–248 (1986).

In *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), the United States Supreme Court held that summary judgment is mandatory if there is no genuine issue as to any material fact for trial, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 323. The plaintiff must come forward with evidence of a specific factual dispute, evidence that would reasonably permit the finder of fact to find in Plaintiff's favor on a material question; otherwise, the court must enter summary judgment against the Plaintiff. *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994); *Int'l Union of Operating Eng'rs v. Assoc. General Contractors*, 845 F.2d 704, 708 (7th Cir. 1988).

Summary judgment is the "put up or shut up" moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events. *Steen v. Meyers*, 486 F.3d 1017, 1022 (7th Cir. 2007); *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892,

901 (7th Cir. 2000). A party opposing summary judgment bears the burden to respond, not simply by resting on the pleadings, but setting out specific facts showing a genuine issue for trial. Fed. R. Civ. Pro. 56(e). Inferences and opinions may not be based on flights of fancy, speculations, hunches, intuitions, or rumors remote from the affiant's experience. *Visser v. Packer Eng. Assocs., Inc.*, 924 F.2d 655, 659 (7th Cir. 1991). When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment. *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Henning v. O'Leary,* 477 F.3d 492, 496 (7th Cir. 2007).

## ARGUMENT

### I. Plaintiff cannot demonstrate personal involvement on the part of Defendants

Liability under § 1983 arises only when a plaintiff can show that a defendant was "personally responsible for a deprivation of a constitutional right." *Vance v. Peters,* 97 F.3d 987, 992 (7th Cir. 1996). The doctrine of respondeat superior does not apply to § 1983 actions. *Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 690-95 (1978); *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). "Liability depends on each defendant's knowledge and actions, not on the knowledge and actions of persons they supervise." *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). A plaintiff must show that each named defendant was personally responsible. *See Harris v. Greer*, 750 F. 2d 617 (7th Cir. 1984) ("Plaintiff's complaint must fail for want of any allegations that the defendants were personally responsible for the confiscation and harassment;" further, there is no concept of supervisor strict liability under § 1983).

The Seventh Circuit Court of Appeals has acknowledged the burden required of a plaintiff opposing summary judgment in a § 1983 action. In *Colbert v. Chicago*, the court was explicit: "[I]n light of § 1983's individual-responsibility requirement, the plaintiff opposing summary

judgment in this context must at a minimum have (1) pled a claim that plausibly forms a causal connection between the official sued and some alleged misconduct, and (2) introduced facts that give rise to a genuine dispute regarding that connection." 851 F. 3d 649, 658 (7th Cir. 2017). While that case involved several allegations related to a seizure and arrest, the requirements under § 1983 extend to this matter as well.

Defendants Ashcraft, Greene, and Kestner are entitled to summary judgment in their favor because Plaintiff cannot show that, as he alleges, they personally ignored his hearing issues. The allegations here at that Plaintiff complained of his hearing issues through grievances and letters sent to Defendants Ashcraft and Greene. *See* UMF 8, 9. As to the letters, the fact that Plaintiff allegedly sent letters to Defendants Ashcraft and Greene is insufficient to create a genuine issue of material fact. *See Johnson v. Snyder*, 444 F. 3d 579, 584 (7th Cir. 2006) (overruled on other grounds). The record must show that Defendants actually received and read the correspondence, and here, it does not. *See Id.*, *see also Jones v. Drew*, 221 F. App'x 450, 454 (7th Cir. 2007) (affirming summary judgment where there was no evidence the warden personally received or read communications due to delegating review of inmate complaints to others within the warden's office). There is no evidence that Defendants Greene or Ashcraft ever received or read Plaintiff's correspondence. UMF 18, 20. Even if the warden's office had received Plaintiff's letter, it is unlikely it came across Defendant Greene's desk. UMF 19.

Furthermore, generally, writing a letter to an individual is not enough in itself for a person to be held liable for a constitutional violation. *See, e.g., Volk v. Coler*, 638 F. supp 1540, 1549 (C. D. Ill. July 8, 1986) aff'd, 845 F. 2d 1422 (7th Cir. 1988) (letters are insufficient to create personal involvement); *Wagner v. McCann*, 2011 WL 3205352 at *5 (N.D. Ill. July 27, 2011) (a single letter is "insufficient for personal liability to attach").

While Plaintiff alleges he filed two grievances in October 2022, these grievances were not ignored. Both were denied as moot. UMF 12. As a top-level administrator, Defendant Greene is "entitled to relegate to prison staff . . . the primary responsibility for specific prison functions." *Figgs v. Dawson*, 829 F. 3d 895, 903 (7th Cir. 2016). It was not Defendant Greene's responsibility to investigate whether Plaintiff was actually receiving care for his hearing issues and she was entitled to rely on the individual to whom that responsibility had been delegated. *See Id.* at 903-04.

Finally, Plaintiff does not make any allegations and has not produced any evidence that he ever wrote to Defendant Kestner, and she does not recall ever speaking with Plaintiff. UMF 23. The only evidence that they may have spoken is Plaintiff's vague testimony that he "might have" spoken to her sometime between October 2022 and February 2023. UMF 23.

Defendants do not provide treatment to patients and they rely on licensed medical professionals to provide medical care for individuals in custody. UMF 22, 25, 26. Plaintiff has not offered any evidence that Defendants are personally responsible for his medical care.

For these reasons, Plaintiff cannot establish personal involvement on the part of any of the Defendants, and they are entitled to summary judgment in their favor.

II.    **Defendants were not deliberately indifferent to Plaintiff's medical needs.**

Plaintiff's claim of deliberate indifference to his medical needs arises under the Eighth Amendment and has both an objective and subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1934); *See also Williams v. Shah*, 927 F. 3d 476, 479 (7th Cir. 2019). Plaintiff must establish that his medical need was "objectively, sufficiently serious." *Farmer*, 511 U.S. at 834. Second, Plaintiff must establish that Defendants acted with a "sufficiently culpable state of mind." *Id.* Deliberate indifference requires "more than negligence and approaches intentional

wrongdoing." *Arnett v. Webster*, 658 F. 3d 742, 751 (7th Cir. 2011) (internal citation omitted). Defendants must have both known of and disregarded an excessive risk to Plaintiff's health. *Id.* at 837.

As argued above, Plaintiff cannot show that Defendant's Ashcraft, Greene, and Kestner were personally aware of any risk to Plaintiff's health – i.e. that Plaintiff's hearing loss wasn't being treated. To the extent that any Defendant was aware of that risk, they did not disregard that risk and in fact saw that Plaintiff was getting treatment. "Evidence that the defendant responded reasonably to the risk, even if he was ultimately unsuccessful in preventing the harm, negates an assertion of deliberate indifference." *Rasho v. Jeffreys*, 22 F. 4th 703, 710 (7th Cir. 2022).

Here, the Plaintiff is one-hundred percent deaf in his left ear and seventy to eighty-percent deaf in his right ear. UMF 5. Assuming *arguendo* that this is a sufficiently serious medical condition, Plaintiff was treated for it properly. Plaintiff arrived at Western with a hearing aid, but it was broken. UMF 7. Plaintiff completed a communication plan on November 1, 2022 and was given headphones and a vibrating watch. UMF 10, 11, 14. This helped with Plaintiff's issues of missing movement calls. UMF 6, 13. Plaintiff was seen by the audiologist on November 29, 2022. UMF 15. The audiologist attempted to fix Plaintiff's hearing aid and recommended a hearing evaluation for new hearing aids. UMF 15, 16. Plaintiff was seen for a hearing evaluation on February 21, 2023. UMF 17. This treatment precludes a finding of deliberate indifference. *See Rasho*, 22 F. 4th at 710.

Further, even if Plaintiff argues that Defendants were somehow responsible for a delay in his treatment, Defendants are still not deliberately indifferent. "A delay in treating non-life-threatening but painful conditions may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Arnett*, 658 F. 3d at 753. Here, Plaintiff

has not offered any evidence that he was in pain or that any alleged delay in treatment exacerbated Plaintiff's hearing loss. Defendants note that even if Plaintiff attempted to come forward with such evidence, he is not a medical professional and is not qualified to opine on such matters.

For these reasons, Defendants were not deliberately indifferent and are entitled to summary judgment in their favor.

### III. Defendants are entitled to qualified immunity

Prison officials are shielded by qualified immunity for actions within the scope of their employment unless their conduct violates a known and clearly established constitutional right. *Board v. Farnham*, 394 F.3d 469, 476 (7th Cir. 2005). In *Saucier v. Katz*, 533 U.S. 194, 200 (2001), the United States Supreme Court mandated a two-step sequence for resolving government officials' qualified immunity claims. First, a court must decide whether the facts that a Plaintiff has alleged (*see* Fed. R. Civ. P 12(b)(6), (c)) or shown (*see* Fed. R. Civ. P. 56, 60) make out a violation of a constitutional right. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (citing *Saucier* at 201). "Second, if the Plaintiff has satisfied this first step, the court must decide whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Pearson* at 232. *Kisela v. Hughes*, 138 S.Ct. 1148, 1152 (2018). The test is purely legal, without regard to the subjective motivations of the Defendant. *Id.* at 244; *Mitchell v. Forsyth*, 472 U.S. 511(1985); *Davis v. Scherer*, 468 U.S. 183, 191 (1984).

The burden of establishing the existence of such a clearly established constitutional right is on Plaintiff. *McGrath v. Gillis*, 44 F.3d 567, 570 (7th Cir. 1995) (citing *Rakovich v. Wade*, 850 F.2d 1180, 1209 (7th Cir. 1988)). Plaintiff must point out a closely analogous case that establishes that he had a right to be free from the specific conduct alleged to violate the general constitutional right at issue. *Rice v. Burks*, 999 F.2d 1172, 1174 (7th Cir. 1993). Plaintiff must also establish that

the alleged violated rights were so clear that a reasonable official would understand that what he is doing at the time violates the right. *McGrath* at 570; *see also Anderson v. Creighton*, 483 U.S. 635 (1987).

As argued above, Defendants were not deliberately indifferent to Plaintiff's serious medical need. Defendants were not personally aware of Plaintiff's hearing loss and to the extent that any Defendant was aware of Plaintiff's hearing loss, they saw that it was being reasonably treated. To find that Defendants were deliberately indifferent in this case would be a substantial departure from previous case law, and Defendants would be entitled to qualified immunity.

## CONCLUSION

WHEREFORE for the above and foregoing reasons, Defendants respectfully request this Court enter summary judgment in their favor.

                      Respectfully submitted,

                      KATHY ASHCRAFT, BRITTANY GREENE and KINDEL KESTNER,

                      Defendants,

                      KWAME RAOUL, Illinois Attorney General,

Evan CreelGould #6335737
Assistant Attorney General        Attorney for Defendants,
500 South Second Street
Springfield, Illinois 62701
(773) 590-7875 Phone             By: s/Evan CreelGould
(217) 524-5091 Fax                 Evan CreelGould #6335737
Email: evan.creelgould@ilag.gov    Assistant Attorney General
& gls@ilag.gov

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MARCUS CRAIG, #M01293, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 23-cv-3343-SLD |
| WEXFORD HEALTH SOURCES, INC., BRITTANY GREENE, ADA COORDINATOR, CATHY ASHCRAFT AND ADA COORDINATOR KESTNER, In their official capacities, | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2025, I electronically filed the **Combined Motion for Summary Judgment and Memorandum of Law in Support** with the Clerk of Court using the CM/ECF system, which sent notice to the following:

NONE

And a copy of the above-mentioned document was mailed via United States Postal Service, with proper postage attached to:

Marcus Craig, #M01293
2413 Prairie Geen, Apt. H
Champaign-Urbana, IL 61802

Respectfully Submitted,

s/Evan CreelGould
Evan CreelGould #6335737
Assistant Attorney General
500 S. Second Street
Springfield, IL 62701
Phone: (773) 590-7875
Fax:    (217) 524-5091
Email: evan.creelgould@ilag.gov
& gls@ilag.gov