E-FILED
Friday, 13 March, 2026  11:10:18 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MARCUS CRAIG,<br><br>    Plaintiff,<br><br>v.<br><br>BRITTANY GREENE, CATHY<br>ASHCRAFT,  KINDEL KESTNER,<br>and WEXFORD HEALTH<br>SOURCES, INC.,<br>In their individual capacities,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 26-1137<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

PLAINTIFF'S MOTION FOR LEAVE TO PROCEED
IN FORMA PAUPERIS ON APPEAL

NOW COMES Plaintiff, Marcus Craig #1008150, by and through his undersigned
counsel, pursuant to 28 U.S.C. § 1915(a)(1) and Federal Rule of Appellate Procedure
24(a), and respectfully moves this Court for leave to proceed in forma pauperis on
appeal from the Judgment in a Civil Case entered on January 5, 2026 [Docket No. 39].
In support of this Motion, Plaintiff states as follows:

INTRODUCTION

This civil rights action under 42 U.S.C. § 1983 alleges violations of Plaintiff's Eighth
Amendment rights due to deliberate indifference to his serious medical needs related
to his severe hearing disability while incarcerated at Western Illinois Correctional
Center. On January 5, 2026, this Court entered judgment dismissing Plaintiff's claims
against Defendants Brittany Greene, Cathy Ashcraft, and Kindel Kestner, following
the grant of summary judgment. [Docket No. 39]. Plaintiff timely filed his Notice of
Appeal on January 26, 2026 [Docket No. 40].

Plaintiff is currently in custody and is indigent, with no ability to pay the $605 filing
fee for his appeal to the United States Court of Appeals for the Seventh Circuit.
Plaintiff has previously been granted leave to proceed in forma pauperis in this district
court action. [See Docket No. 3 (initial IFP order)]. For the reasons set forth below,
Plaintiff satisfies the requirements of 28 U.S.C. § 1915(a) and respectfully requests
that this Court authorize him to proceed in forma pauperis on appeal.

LEGAL STANDARD

Under 28 U.S.C. § 1915(a)(1), a court may authorize the commencement of an appeal
without prepayment of fees if the applicant submits an affidavit demonstrating that he
is unable to pay such fees. For incarcerated persons, 28 U.S.C. § 1915(a)(2) further
requires submission of a certified copy of the prisoner's trust account statement for the

six-month period immediately preceding the filing of the notice of appeal. If the court grants leave to proceed in forma pauperis, the prisoner is required to pay the full filing fee in installments pursuant to 28 U.S.C. § 1915(b). See *Taylor v. Delo*, 893 F.2d 920, 923 (7th Cir. 1990) (affirming that § 1915 applies to appeals and requires demonstration of indigency).

Federal Rule of Appellate Procedure 24(a)(1) similarly requires an affidavit of indigency and a motion filed in the district court before or after the notice of appeal. The affidavit must state that the applicant is unable to pay the costs of the appeal and disclose the applicant's assets. Fed. R. App. P. 24(a)(1)(A)-(B). A district court's denial of such a motion is reviewed for abuse of discretion. *See, e.g., DeGovia v. Martin*, 929 F.2d 1577, 1580 (7th Cir. 1991).

## ARGUMENT

### I. Plaintiff Is Indigent and Unable to Pay the Filing Fee

Plaintiff is currently in custody in Champaign County Jail, 502 S Lierman Ave, Urbana, IL. 61802,  and has no income or assets sufficient to pay the $605 appellate filing fee. Attached hereto as **Exhibit A** is Plaintiff's Declaration in Support of Motion to Proceed In Forma Pauperis on Appeal, which details his financial circumstances, including:

- No cash or assets exceeding $10 in value;
- No checking or savings accounts;
- No real estate, stocks, bonds, or other investments;
- No monthly income from any source, including wages, gifts, or public assistance;
- Average monthly balance in his prison trust account of less than $20 over the past six months.

Additionally, attached as **Exhibit B** is a certified copy of Plaintiff's prison trust account statement for the six-month period preceding the filing of the Notice of Appeal (July 1, 2025, through December 31, 2025), as required by 28 U.S.C. § 1915(a)(2). This statement confirms that Plaintiff's average monthly deposits were minimal (less than $50), and his balance has never exceeded $25, rendering him unable to pay the filing fee without undue hardship.

Plaintiff's indigency is consistent with his status as an incarcerated individual with limited access to employment or financial resources. Granting this motion will not impose an undue burden on the court or defendants, as Plaintiff will make installment payments toward the filing fee as his prison account permits, pursuant to 28 U.S.C. § 1915(b). See *Newlin v. Helman*, 123 F.3d 429, 436 (7th Cir. 1997) (upholding installment payment requirements for indigent prisoners).

### II. The Appeal Is Taken in Good Faith

Under 28 U.S.C. § 1915(a)(3), an appeal may not be certified as taken in good faith if the district court finds that a "party's claim of lack of good faith is correct." However, the good-faith standard is an objective one, equivalent to the standard for issuing a certificate of appealability in habeas cases. *Walker v. O'Brien*, 216 F.3d 626, 632 (7th

Cir. 2000). Plaintiff's appeal raises non-frivolous issues, including whether genuine issues of material fact existed regarding Defendants' personal involvement and deliberate indifference to his serious medical needs, and whether Defendants were entitled to qualified immunity. These issues are reasonably debatable and warrant review by the Seventh Circuit. See *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000) (appeal taken in good faith where issues present arguable questions of law or fact).

Plaintiff respectfully submits that his appeal is meritorious and taken in good faith, and he requests that the Court so certify.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this Motion and enter an order: (1) authorizing Plaintiff to proceed in forma pauperis on appeal; (2) directing the Clerk of Court to transmit a copy of the docket sheet and relevant record to the United States Court of Appeals for the Seventh Circuit; and (3) directing the custodial agency to forward 20% of Plaintiff's preceding month's income to the Clerk of Court for payment toward the filing fee, as required by 28 U.S.C. § 1915(b)(2). Plaintiff further requests such other and further relief as the Court deems just and proper.

Date: March 11, 2026         Respectfully submitted,

SHAMBEE LAW OFFICE, LTD.

By: /s/ Juneitha Shambee
Juneitha Shambee
ARDC No. 6308145
701 Main St., Ste. 201A
Evanston, IL 60202
(773) 741-3602
juneitha@shambeelaw.com
Attorneys for Plaintiff Marcus Craig

**CERTIFICATE OF SERVICE**

I hereby certify that on January 26, 2026, a true and correct copy of the foregoing *Plaintiff's Motion for Leave to Proceed In Forma Pauperis on Appeal* was served on the following via the Court's CM/ECF system, which sent electronic notification to:

Evan CreelGould #6335737
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62701
(217) 782-1090
Fax: (217) 524-5091
Email: evan.creelgould@ilag.gov
& gls@ilag.gov

/s/ Juneitha Shambee
Juneitha Shambee
ARDC No. 6308145

MAR/12/2026/THU 04:25 PM                    FAX No.                         P. 002

03-11-2026  15:34          3:23-cv-03343-DJQ   #45     Filed: 03/13/26      Page 5 of 6      3/3
                            Case: 26-1137     Document: 9-2      Filed: 03/13/2026    Pages: 10

**EXHIBIT A**

DECLARATION OF MARCUS CRAIG IN SUPPORT OF
MOTION TO PROCEED IN FORMA PAUPERIS ON APPEAL

I, Marcus Craig #1008150, declare under penalty of perjury pursuant to 28 U.S.C. §
1746 that the following is true and correct:

1. I am the Plaintiff in the above-captioned case and am currently incarcerated at
Champaign County Jail under booking #1008150.

2. I have read the Motion for Leave to Proceed In Forma Pauperis on Appeal filed by
my counsel and affirm that the facts stated therein regarding my financial status are
true to the best of my knowledge.

3. I am unable to pay the costs of this appeal because:
    a. I have no cash or assets exceeding $20 in value;
    b. I have no checking or savings accounts;
    c. I own no real estate, stocks, bonds, or other investments;
    d. I receive no monthly income from any source, including wages, gifts, or public
assistance;
    e. My average monthly balance in my prison trust account over the past six months
has been less than $20.

4. This appeal is taken in good faith, as I believe the district court erred in granting
summary judgment to Defendants.

Executed on this _12_ day of March, 2026.

x _____
Marcus Craig, #1008150

**EXHIBIT B**

**Certified Copy of Prison Trust Account Statement - Attached; Statement
showing average monthly deposits of $221 and average balance of -$3.49 for the
period Oct 1, 2025 – Feb. 28, 2026, certified by facility official.]**

Date: March 12, 2026

Respectfully submitted,

SHAMBEE LAW OFFICE, LTD.

By: /s/ Juneitha Shambee
Juneitha Shambee
*Attorneys for Plaintiff*
701 Main St., Ste. 201A
Evanston, IL 60202
(773) 741-3602
juneitha@shambeelaw.com
ARDC No. 6308145

**CERTIFICATE OF SERVICE**

I hereby certify that on March 12, 2026, a true and correct copy of the foregoing
*Motion to proceed in forma pauperis* was served on the following via the Court's
CM/ECF system, which sent electronic notification to:

Evan CreelGould #6335737
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62701
(217) 782-1090
Fax: (217) 524-5091
Email: evan.creelgould@ilag.gov
& gls@ilag.gov

/s/ Juneitha Shambee
Juneitha Shambee
ARDC No. 6308145

All Counsel of Record